Paula CHAN et al.

v.

The TOWN OF BROOKLINE et al.

Civ. A. No. 80–0020–MC.

United States District Court,
D. Massachusetts.

Feb. 25, 1980.

Philip S. Lapatin, Gaston, Snow & Ely Bartlett, Mitchel S. Ross, Bernkopf, Goodman & Baseman, Boston, Mass., for plaintiff.

Roger R. Lipson, Brookline, Mass., for Rent Control Bd., Town of Brookline.

Bruce E. Mohl, Jeffrey Jacobsen, Greater Boston Legal Services, Brookline, Mass., James H. Wexler, Greater Boston Legal Services, Dorchester, Mass., for defendant-intervenor Dupiton.

Isaac H. Braddock, David Turner, Boston, Mass., for Town of Brookline.

Donald K. Stern, Asst. Atty. Gen., Boston, Mass., for intervenor Atty. Gen.

## MEMORANDUM AND ORDER

### McNAUGHT, District Judge.

This action involves a challenge to the constitutionality of the so-called "Ban Amendment", § 9(a)(8) to the bylaws of the Town of Brookline. The challengers are Paula and Man Hoo Chan, recent purchasers of a condominium unit in that town. On January 22, 1980, the plaintiffs sought a preliminary injunction to prohibit the Town of Brookline and the Rent Control Board of the town from enforcing the amendment until further order of the court. Defendants opposed the issuance of such an injunction. The court, sua sponte, raised the issue of whether abstention was warranted or required under the circumstances. I invited all interested parties to submit memoranda of law concerning the abstention issue, and argument on the issue took place February 2, 1980.

After consideration of the arguments and study of the law I have concluded that:

1. I will not abstain.

2. Although this is not a final pronouncement, it is my opinion that the constitutionality of the Ban Amendment in its present form, as it applies to the plaintiffs and their property is questionable.

3. The plaintiffs, nevertheless, are not presently entitled to the issuance of a preliminary injunction.

A study of the opinion of the Supreme Judicial Court in *Grace et al. v. The Town of Brookline*, Mass.Adv.Sh. (1979) 2257, —— Mass. ——, 399 N.E.2d 1038 provides us with the background of the present conflict. It is concerned with the predecessor to the Ban Amendment—the so-called "Six Plus Six" amendment to art. XXXVIII of the town's bylaws. Section 9(a) enumerated the bases on which the rent control board could issue certificates of eviction with regard to rent-controlled housing units. In July of 1978 certificates of eviction were rendered unavailable to condominium developers. A condominium purchaser could evict a tenant (if the purchaser intended to occupy), but if the tenant was in possession when the new landlord acquired ownership, the tenant was favored with an automatic six month stay of issuance of a certificate, and there was another six month delay if the board found hardship.

On November 14, 1978 a special town meeting further imposed a *general* six month moratorium on the issuance of eviction certificates where a tenant was in possession when an apartment was purchased as a condominium unit. The moratorium was later extended to September 15, 1979.

On March 12, 1979 plaintiffs Mr. and Mrs. Chan purchased a condominium unit at 29 Englewood Ave. in Brookline for the purpose of occupying it as their personal residence. The unit was then occupied by a tenant who had lived there continuously since the time prior to the recording of the master deed. The tenant, allegedly, had entered into an oral agreement with the Chans to vacate voluntarily within a specified period of time.

On May 5, 1979 the annual town meeting of Brookline voted to amend § 9(a) to provide that the owner of an individual condominium unit would be precluded from recovering possession of that unit from a tenant who had occupied it continuously since a time before the recording of the master condominium deed. The language pertinent hereto was as follows:

(8) The landlord seeks to recover possession in good faith for use and occupance of himself or his children, parents, brother, sister, father-in-law, mother-in-law, son-in-law or daughter-in-law, except that no action shall be brought under this paragraph to recover possession of a condominium unit from a tenant who has occupied the unit continuously since a time prior to the recording of any master deed to the condominium; upon the condition that, in the event this amendment is determined to be invalid, for any reason, the existing provision (the "Six Plus Six Amendment") of Paragraph (8) of said Section 9(a), which is amended hereby, shall continue in full force and effect.

It is important to note that (1) the Supreme Judicial Court upheld the validity of the Six Plus Six Amendments as a justifiable exercise of the police power in the face of a severe shortage of housing; (2) the amendments in question there provided, by reason of time limitations, for a condominium purchaser to take possession eventually, whereas the Ban Amendment contains no time limitation; (3) should the plaintiffs be granted the relief they request, the Six Plus Six Amendment, so far as they are concerned, would be reinstated.

## ABSTENTION

■ Since the crisis facing the Town of Brookline is so severe, it is of political importance to the Commonwealth itself. The multiple amendments to the by-laws seeking to achieve a solution to the crisis are complicated, and difficult to understand. These are the principal reasons why I wondered aloud whether the resolution of the problem might not best be sought in the State court system. If, for example, there were ambiguity in the by-laws, a State court decision resolving the ambiguity might provide a solution to the litigation without the intervention of a federal judge, and without the necessity of becoming involved in constitutional interpretation.

Of course, abstention is the exception rather than the rule, by reason of the potential for abuse of the doctrine.

Separate strains of the doctrine of abstention have been recognized, evolving from decisions of the United States Supreme Court, including *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), *Railroad Commission of Texas v. Pullman Company*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941) and a line of cases chief among which are *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) and *Louisiana P. & L. Co. v. Thibodaux City*, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1969).

The *Younger* decision is inapplicable here. We are not involved with a request to enjoin a state judicial proceeding.

Neither does the case at bar fall within the purview of the holding in the *Pullman* decision. Where a controversy involves an *unsettled* question of state law, the interpretation of which (if determinative of the litigation) would render unnecessary the consideration of a federal constitutional claim, abstention is warranted. In my opinion, although it is complicated the "Ban Amendment" is not ambiguous. It seems facially clear. Its effect upon the rights of the Chans (doing away with a right to evict the present tenant) is equally clear.

It has been suggested that there are questions of state law which justify abstention. (1) Whether the by-law is consistent with the enabling statute; (2) Whether the by-law may be applied retroactively, since the Chans purchased their unit prior to the effective date of the Ban Amendment, and (3) Whether the by-law was intended to be a "permanent" ban, have been offered as potential sources of determinant litigation before a State court. I cannot agree. The first question has, in my opinion, been answered by the Supreme Judicial Court. The answer to the second is "open and obvious". As written, it *must* have been intended to have retroactive application. As for the third, it certainly was written without any time limitation. The attack here is centered upon the constitutionality of the Ban Amendment, and I cannot see how one can avoid addressing it.

I recognize the third line of cases used to justify abstention—the *"Burford"* line of decisions. Where a problem has been described as of great "local" importance, federal courts have deferred to decisions at the outset by state courts, where it is feared that the federal court might interfere in a sensitive area of social policy. Here, however, the constitutionality of the municipal plan to limit condominium purchasers from evicting tenants (to bar such eviction without time limitation) is in question. The constitutionality of the policy is vital to the life of the policy; hence, in my opinion, abstention would not be proper.

### INJUNCTIVE RELIEF

■ I have stated hereinbefore that the constitutionality of the Ban Amendment is questionable, and on this score would decide preliminarily that the plaintiffs have a reasonable likelihood of succeeding on the merits of their claim.

The Supreme Judicial Court decided that Brookline would be acting within its enabling legislation so long as vacant units (or units sold to an existing tenant) could be successfully converted. The Court also ruled that the state condominium statute (M.G.L. c. 183A) and the state summary process statute (M.G.L. c. 239) were not violated by condominium conversion restrictions on eviction. The period of delay required by the Six Plus Six Amendments did not effect confiscation of the property of the unit purchaser (—— Mass. at page ——, 399 N.E.2d 1038), and, said the Court (—— Mass. at page ——, 399 N.E.2d at page 1046) ". . . the amendments permit the condominium purchaser to take possession eventually . . ." The Court cautioned that a particular provision might go too far, however, and in my opinion, this Ban Amendment may have done so. The way that the Amendment has been written, it prevents the Chans and others in their position from ever evicting a tenant in possession at the time of the execution of the master deed. The Chans may be deprived of the use of their property permanently. This may be more than simply regulating the use of property. It may constitute redistribution of it—a restriction of such nature that it amounts to a taking without compensation. I have in mind the possibility that the tenant in possession might voluntarily vacate, but this would restore the use to the plaintiffs by reason of an eventuality extraneous to the Amendment itself. The *permanency* of the Ban is a problem of constitutional dimension; a problem which the Supreme Judicial Court was not called upon to decide in *Grace.*

I have determined, however, that the Chans are not entitled to the injunctive relief they seek. If I grant the relief, the Ban Amendment may not be enforced and the Chans will be relegated to seeking relief under the Six Plus Six Amendment. This is what they want, and they say they are entitled to it because they do not have an adequate legal remedy. They say that if they are entitled to possession and do not obtain it "(N)either the Brookline Rent Board, nor any of its members, nor the Town of Brookline itself will be responsible in damages for the losses suffered by Plaintiffs".

The argument of the plaintiffs in this regard fails to take into account a "balancing of the equities" and the "interest of the

public". The harm to the municipality itself—its inhabitants—its social policy—is bound also to be severe. Tenants who, by reason of the passage of the Ban Amendment feel reasonably secure concerning their immediate future, will find themselves thrown into a sea of uncertainty until this matter is decided on the merits. Until such time as a merits decision is forthcoming, enforcement authorities will most certainly face a difficult time at least from the standpoint of administrative procedure. Tenants, for fear of "early" eviction, will have to seek alternative housing by reason of a declaration of a "likelihood" of success by the plaintiffs. Injury to *many* persons might occur if the injunction is granted. Injury to the Chans may be incurred if it is not.

The interest of the public requires the denial of preliminary relief.